JOHN KEENEY vs. GEORGE ATWOOD and others.

By the act of 1854, *Nix. Dig.* 851, § 64, when the mortgagee resides in a different township from that in which the mortgaged premises lie, the tax on the money secured by the mortgage is to be assessed against and paid by the mortgagor in the township where the lands lie, and the receipt of the collector therefor is made a legal payment for so much of the interest of the mortgage, and is to be allowed and deducted therefrom by the mortgagee. *Held*—

1. The payment of the tax and the receipt of the collector is a legal payment of so much *interest*, not of principal; a payment of the *accrued* and *accruing* interest, not of interest to grow due at some future time.

2. When a mortgagor, entitled to have the tax assessed against and paid by him deducted from the interest, has paid the interest in full as it became due, without deducting the tax, he cannot afterwards claim any deduction therefor from the arrears of interest.

*J. W. Taylor*, for complainant.

*H. S. Little*, for Atwood and wife.

THE CHANCELLOR. The complainant's bill is filed to foreclose a mortgage, given to secure the payment of a bond for $750, bearing date on the tenth of April, 1852, with interest.

The defendants by their answer claim that interest has been paid up to the first of April, 1856. They admit that the principal of the bond is due, together with interest from that date, less the sums paid by the defendants for the taxes assessed on the principal of the debt, from the date of the mortgage, up to and including the year 1861. The taxes so paid, the defendants claim, are a lawful deduction to be made from the interest due and accrued upon the mortgage debt. The only question submitted for decision is, whether upon the facts disclosed by the bill and answer, the defendants are entitled to have such deduction made. It is admitted that the interest has been paid for four years after the date of the bond. The defendants clearly cannot, in an action at

law, recover back any part of the interest thus voluntarily paid with a full knowledge of the facts. Money paid voluntarily cannot be recovered back, although it was not legally or equitably due. *Volenti non fit injuria.*

Upon this principle, it was held that an occupier of lands, who during a course of years paid the property tax to the collector under the statute, 46 *Geo.* 3, *chap.* 65, and likewise the full rent, as it became due to the landlord, without claiming, as he might have done, any deduction on account of the tax, could not maintain an action against the landlord for any part of the tax so paid. So where a tenant pays *property tax* assessed on the premises, and omits to deduct it in the *next* payment of rent, he cannot afterwards recover the amount as money paid to the use of the landlord. *Denley* v. *Moore*, 1 *Barn. & Ald.* 123; *Stubbs* v. *Parsons*, 3 *Ibid.* 516; *Broom's Legal Maxims*, (5th ed.) 201, 204.

So if the land tax and paving rates are not deducted from the rent of the current year, they cannot be deducted, or the amount of them be recovered back from the landlord, in any subsequent year. *Andrew* v. *Hancock*, 1 *Brod. & Bing.* 37.

In *Stubbs* v. *Parsons*, Bayley J., said : the true construction of the act is, that a payment of the land tax can only be deducted out of the rent which has then accrued or is then accruing due, for the law considers the payment of the land tax as a payment of so much of the rent then due or growing due to the landlord ; and if he afterwards pays the rent in full, he cannot at a subsequent time deduct the overpayment from the rent.

The act of 1854, *Nix. Dig.* 851, § 64, should receive a similar construction. If the holder of the mortgage resides in the township or county where the mortgaged premises lie, the tax is assessed upon him. If the mortgagee resides elsewhere, the tax on the money secured by the mortgage is to be assessed against and paid by the mortgagor in the township where the lands lie. And it is enacted, that "*the receipt of the collector shall be a legal payment for so much of the interest of said mortgage, and be allowed and deducted*

*therefrom by the mortgagee.*" The payment of the tax and the receipt of the collector is a *legal payment* for so much of the interest of the mortgage, and is to be deducted therefrom. It operates only as a payment of the *interest*, not of the principal. It must be intended to be a payment of the accrued and accruing interest, not of interest to grow due in future. It is not a set-off to be made against a demand that may afterwards arise, but a payment of a subsisting or accruing debt. This is the natural interpretation of the language, and it is in accordance with the sound policy of the act. The tax is upon the property of the obligor. The burden is upon him. He is entitled not only to be informed of its existence and amount, but to pay it year by year as it is assessed. Not only serious inconvenience but great injustice would be produced by suffering the mortgagor to pay the interest on the bond for a series of years without claiming any deduction for taxes, and then to claim the whole amount in a single year. The burden would be still greater and the injustice more apparent, if the claim is permitted to be made after the death of the mortgagor, or an assignment of the mortgage. Its operation then would be to compel one party to pay the tax assessed upon the property of another, and the claim if permitted, may be set up after any lapse of time however great. No statute of limitations can run against it, for the statute makes it, not a set-off or legal demand, but a *payment* of the interest *pro tanto.*

But there is another and equally decisive objection in this case to the allowance of the taxes as a payment of interest. There is no averment in the answer, that when the taxes were assessed, the mortgagee did not reside in the township or county where the mortgaged premises lie. For all that appears, the mortgagee may have resided in the county where the mortgaged premises lie, or he may have resided out of the state. In either event, the defendants are not entitled to the deduction. If the holder of the mortgage resided in the township where the mortgaged premises lie, the tax should have been assessed against him, and not against the

mortgagor. If he lived out of the state, he was not liable to be assessed, nor is the mortgagor entitled to any deduction on that account. The act of 1854 does not subject to taxation, the bonds, mortgages, and other choses in action of persons who are not inhabitants of this state. *State* v. *Branin,* 3 *Zab.* 484; *Dolman* v. *Cook,* 1 *McCarter* 56.

The facts stated in the answer should show a valid defence to the claim.

There must be a reference to a master, with instructions to disallow the claim for deduction from the arrears of interest on account of taxes.